UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16-cr-00090-JAW |
| | ) | |
| JODI L. WEBBER | ) | |

**ORDER ON MOTION TO AMEND SENTENCE**

On September 21, 2016, Jodi L. Webber waived indictment and pleaded guilty to committing a theft from her employer Camden National Bank, a violation of 18 U.S.C. § 656. *Waiver of Indictment* (ECF No. 1); *Information* (ECF No. 2). On February 3, 2017, the Court sentenced Jodi L. Webber to twelve months and one day incarceration, five years of supervised release, a $100.00 special assessment, and issued a restitution order in the total amount of $19,400.00. *J.* (ECF No. 23). The Court allowed Ms. Webber to self-report to federal prison on March 10, 2017. *Id.* at 2. Ms. Webber did not appeal either her conviction or the sentence.

On August 14, 2017, Ms. Webber filed a pro se motion, asking the Court to modify her sentence. *Pro Se Mot. to Am. J.* (ECF No. 26). In her motion, Ms. Webber asks the Court to amend its sentencing judgment to allow her to serve six months incarceration and six months home confinement. *Id.* at 1. Ms. Webber observes that she is currently scheduled to be released to a halfway house on October 24, 2017 and if the Court granted her motion, this would allow her to be released in September. *Id.* Ms. Webber explains that she has been able to secure full-time employment in her home town of Alexander, Maine and in order to take the job, she would need to

be released to home confinement. *Id.* Ms. Webber also notes that while in prison, she has missed some major events in her children's lives and that she has been productive. *Id.* She stresses that she is not asking that the Court release her early or alter its total sentence, but she does wish to return to Maine earlier than would be allowed under the current sentence. *Id.*

On September 5, 2017, the Government responded, stating its opposition to Ms. Webber's motion. *Resp. to Pro Se Mot. to Am. Sentence* (ECF No. 27). The Government points out that the Court's authority to modify a sentence is limited under federal law and Ms. Webber has failed to provide any basis for the Court to exercise this limited authority. *Id.*

The Court cannot grant Ms. Webber's motion. To the extent the motion seeks to reduce sentence, the Court does not have the authority to do so. Federal law provides that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *United States v. Griffin*, 524 F.3d 71, 83 n.13 (1st Cir. 2008). There are some limited exceptions, but none is applicable here. *See* FED. R. CRIM. P. 35(a) (allowing a trial court to correct an "arithmetical, technical, or other clear error," if the motion is filed within fourteen days after sentencing); FED. R. CRIM. P. 35(b) (allowing a trial court to reduce a defendant's sentence if the Government moves for a reduction); 18 U.S.C. § 3582(c)(1)(A) (allowing a sentence reduction if the Director of the Bureau of Prisons moves for one and only in strictly limited circumstances not available here); 18 U.S.C. § 2255 (providing for a habeas corpus

petition).[1]  To the extent the motion seeks an order directing the Bureau of Prisons to place Ms. Webber in a particular facility or program, the authority to designate a place of confinement for federal prisoners rests with the Bureau of Prisons, not with the Court.  18 U.S.C. § 3621(b); *United States v. Guerrette*, 389 F. Supp. 2d 10, 12 (D. Me. 2005).

The Court is encouraged that Ms. Webber has learned from this experience, has recommitted herself to her family, and has obtained full-time employment, and the Court congratulates her on her progress during incarceration.  The Court also wishes her well on release, but her achievements will have to be their own reward.  The Court is not allowed to reduce or revise her sentence as she requests.

The Court DENIES Defendant Jodi L. Webber's Pro Se Motion to Amend Judgment (ECF No. 26).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September 2017

---

[1]  Even though Ms. Webber maintains that she is not seeking a reduced sentence, but a revised sentence, the Court does not have the authority to order her out of prison to home detention regardless of whether such an order would be considered a reduction or a revision.